# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **ANTHONY MEYERS,** <br>     **Plaintiff,** <br><br> v. <br><br> **HAYSI REGIONAL, et al.,** <br>     **Defendants.** | Civil Action No. 7:19-cv-00694 <br><br> **MEMORANDUM OPINION** <br><br> By:  Glen E. Conrad <br> Senior United States District Judge |

Plaintiff Anthony Meyers, proceeding pro se, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983.  By order entered October 18, 2019, the court directed Meyers to submit within 20 days from the date of the order a statement of assets, an inmate account form, and a certified copy of his trust fund account statement for the six-month period immediately preceding the filing of the complaint, obtained from the appropriate prison official of each prison at which he is or was confined during that six-month period.  Meyers was advised that a failure to comply would result in dismissal of this action without prejudice.

More than 20 days have elapsed, and Meyers has failed to comply with the described conditions.  Accordingly, the court will dismiss the action without prejudice and strike the case from the active docket of the court.  Meyers' many pending motions will also be dismissed without

prejudice.[1] Meyers may refile the claims in a separate action once he is prepared to comply with the noted conditions.

The Clerk is directed to send a copy of this Memorandum Opinion and accompanying Order to Meyers.

ENTER: This 14th day of November, 2019.

Senior United States District Judge

---

[1] Instead of complying with the court's orders to provide the required financial information to proceed with this lawsuit, Meyers has filed seven motions for preliminary injunctive relief and a motion to amend. All of these motions allege that Meyers has serious, life threatening medical conditions that officials at the Southwest Virginia Regional Jail facility in Haysi, Virginia, have refused to diagnose and treat. The court directed the jail superintendent to respond to Meyers' allegations, and he has done so. The superintendent provides sworn affidavits from medical professionals who have reviewed Meyers' medical records. See ECF Nos. 14 and 15. They indicate that Meyers has received extensive medical attention since his arrival at the jail on August 26, 2019. From August 27, 2019, to November 8, 2019, Meyers was housed in the medical observation unit, where nurses observed him during rounds twice each day. During that time, he received twelve sick call visits with nursing staff, five sick call visits with a physician, and six visits with a Qualified Mental Health Professional. He was provided with medications and was taken to a local hospital emergency room for treatment of a self-inflicted wound.

Specifically, Meyers has complained that he has experienced symptoms he interprets as indicative of cancer that formed in his prostate and has migrated to the heart, brain, and possibly other organs. Dr. Charles Hurlburt, M.D., has examined Meyers several times since August 27, 2019, to address these concerns with Meyers. Dr. Hurlburt has "performed thorough examinations and ordered diagnostic tests including chest x-rays and bloodwork for prostate cancer markers." Hurlburt Aff. ¶¶ 5-6, ECF No. 14-2. Records show that Meyers has undergone similar tests in the past, based on similar complaints, and the results of these examinations and tests were negative. The doctor states, "There is no medical evidence that Meyers has cancer or any heart or prostate conditions as he alleges." Id. at ¶ 8. Based on the defendants' evidence, the court concludes that Meyers has not shown a likelihood of success on his claim of being denied medical care, and thus he has not demonstrated that preliminary injunctive relief is warranted. See Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008) (holding that to obtain a preliminary injunction, a plaintiff must establish four factors, including likelihood of success on the merits of an underlying claim); Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014) (holding that to state a § 1983 claim regarding medical treatment, an inmate must show that an official subjectively knew of and disregarded an excessive risk to the inmate's health or safety) (citations omitted).